UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELILAH CANDICE WRIGHT,<br><br>      Plaintiff,<br><br>-against-<br><br>ADMINISTRATION OF CHILDREN SERVICES; GOOD SHEPHERD SERVICES; BRONX FAMILY COURT; BRONX CRIMINAL COURT; BROOKLYN CRIMINAL COURT; DEPARTMENT OF HOMELESS SERVICES; NEW YORK POLICE DEPARTMENT,<br><br>      Defendants. | 23-CV-10381 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. Plaintiff asserts claims arising from her April 11, 2022 detention, by officers from the New York Police Department (NYPD), while she was staying at a homeless shelter with her children.[1] Plaintiff also seeks to have her pending criminal charges dismissed and seeks modification of the Family Court's custody determinations concerning her children. By order dated November 29, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, with 30 days' leave to replead.

---

[1] Plaintiff filed another action arising from the same events on April 11, 2022, and it was dismissed as a duplicate. *See Wright v. Admin. of Child. Serv.*, No. 23-CV-10524 (S.D.N.Y. Nov. 28, 2023). Because those claims were dismissed without prejudice, Plaintiff may include any of the facts alleged in that complaint in an amended complaint, if she chooses to file one, in the action under this docket number.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

2

factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges the following facts. On April 11, 2022, Plaintiff was "wrongfully detained by NYPD" after the Director of the Taylor Avenue Family Shelter made "false statements" that Plaintiff "suffered from an untreated mental health disorder." (ECF 1 at 5.) Plaintiff contends that the false statements were "an attempt to cover up a sexual assault on [her] two minor children that was orchestrated by the maint[anence] worker of the family shelter." (*Id.*) Plaintiff was "forcibly taken to the hospital and illegally detained with no symptoms supporting the claims." (*Id.*) Plaintiff had no one who could pick up her children from the hospital, and "they were taken by ACS and removed from [her] custody." (*Id.* at 6.)

Plaintiff brings this action against Bronx County Family and Criminal Courts, Brooklyn Criminal Court, the Administration for Children's Services (ACS), the Department of Homeless Services, the New York Police Department (NYPD), and Good Shepherd Services. She contends that she has "been bullied, harassed and physically, mentally, and sexually abused by each defendant, as ha[ve] [her] children." (*Id.*) Plaintiff seeks damages and "dismissal of charges." (*Id.*)

Plaintiff also asks the Court to order supervised visits with her children and agrees that she will "not ask the subject children if they are being abused." (ECF 4 at 1.) Plaintiff agrees that the children "shall remain in ACS custody," but also asks that criminal charges against her "be dropped . . . due to evidence of entrapment" and asks that "children must be returned home." (*Id.* at 2.)

3

# DISCUSSION

### A.  Improper Defendants

Plaintiff asserts claims for violations of her constitutional rights, and the Court therefore construes Plaintiff's claims as arising under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988) (holding that to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law ("a state actor") violated a right secured by the Constitution or laws of the United States). No defendant named in this action is a proper defendant for claims arising under Section 1983.

### 1.  State courts

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* at 366. Plaintiff sues criminal and family courts in Bronx County and Brooklyn, each of which is a part of the New York State Unified Court System and therefore a state entity. *Id.* at 368 (explaining that the Family Court is part of the New York State Unified Court System and "is unquestionably an 'arm of the State,' entitled to Eleventh Amendment sovereign immunity.").

Congress did not abrogate Eleventh Amendment immunity in enacting Section 1983, and the State has not waived its Eleventh Amendment immunity for such suits. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Bronx County Family Court, Bronx County Criminal Court, and Brooklyn Criminal Court must therefore be dismissed with prejudice because Eleventh Amendment immunity bars suit against these defendants in

4

federal court. 28 U.S.C. § 1915(e)(2)(B)(iii). The claims against these defendants should not be reasserted in an amended complaint.

### 2. City Agencies: NYPD, DHS, and ACS

Plaintiff also names three city agencies: the NYPD, DHS, and ACS. The claims against these defendants must be dismissed because these are agencies of the City of New York that have not been granted authority to sue and be sued separately from the City of New York. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.") Any claims against the NYPD, DHS, and ACS must be brought against the City of New York. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n. 19 (2d Cir.2007) ("[T]he NYPD is a non-suable agency of the City[.]"); *Friedman v. N.Y.C. Admin. for Child.'s Servs.*, 502 F. App'x 23, 27 n.3 (2d Cir. 2012) (ACS is not a suable entity) (summary order); *Ghouneim v. DHS*, No. 19-CV-0748, 2019 WL 1207857, at *1 (S.D.N.Y. Mar. 13, 2019).[2] The Court therefore dismisses Plaintiff's claims against the NYPD, DHS, and ACS. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice to Plaintiff's repleading a claim in an amended complaint against the City of New York, or against an individual employee who was personally involved in violating Plaintiff's rights.

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The

---

[2] Plaintiff also has not pleaded any facts about ACS or its employees in the body of the complaint, which is an additional reason why the complaint fails to state a claim against Defendant ACS. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)).

plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978))). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). Thus, if Plaintiff files an amended complaint and names the City of New York as a defendant, instead of the NYPD, DHS, or ACS, Plaintiff must allege facts showing that a municipal policy, custom, or practice caused a violation of her rights.

**3.    Private entity: Good Shepherd Services**

Plaintiff names Good Shepherd Services as a defendant in the caption of the complaint but does not include any facts about this defendant in the body of the complaint. Plaintiff therefore fails to state a claim on which relief can be granted against Good Shepherd Services. 28 U.S.C. § 1915(e)(2)(B)(ii).

Good Shepherd Services is a private entity that does not appear to be part of any federal, state, or local government agency. If Plaintiff names this defendant in her amended complaint, she must allege facts showing that it is a state actor. Because a Section 1983 plaintiff must allege that a state actor violated her federal rights, *West*, 487 U.S. at 48-49, private parties generally are not liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States

Constitution regulates only the Government, not private parties."). In limited situations, the actions of a private entity are attributable to the state. *See Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (discussing the three tests – compulsion, close nexus, and public function – for determining whether a private entity's challenged action can be deemed state action). If Plaintiff reasserts a Section 1983 claim against Good Shepherd Services in her amended complaint, she must also plead facts showing that Good Shepherd Services was acting under color of state law.

**B.     Custody Claims**

Plaintiff asks the Court to award her supervised visitation of her children or to order that the children be "returned home." (ECF 4 at 1-2.) A federal district court that is "asked to grant a divorce or annulment, determine support payments, or award custody of a child" should abstain from exercising its federal-question jurisdiction. *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (holding that federal courts properly abstained from constitutional claims arising from custody dispute where there was "no obstacle to the full and fair determination of that dispute in state court"), *cert. denied*, 140 S. Ct. 2763 (2020).[3]

Plaintiff's child custody matters appear to be pending in the Family Court, and Plaintiff makes no allegation that she lacks an opportunity to vindicate her rights concerning custody of her children in state court. It is unclear what federal claim, if any, Plaintiff asserts in connection

---

[3] There is "no basis for inferring a domestic relations exception to the federal-question jurisdiction statute, 28 U.S.C. § 1331." *Deem*, 941 F.3d at 623. Nevertheless, in federal question cases, "the existence of a distinct abstention doctrine for certain domestic relations disputes is supported by the Supreme Court's longstanding recognition — in a non-diversity case involving a child custody dispute — that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Id.* at 624 (citing *In re Burrus*, 136 U.S. 586, 593-94 (1890)).

7

...

with custody determinations about her children. Even if Plaintiff were asserting some federal claim, the Court would abstain from exercising federal question jurisdiction of a claim seeking an award of custody or visitation.

Moreover, federal district courts lack authority to review state court judgments. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the United States Supreme] Court."); 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court . . . ."). The Court therefore lacks authority to review or overturn any Family Court decisions about custody of Plaintiff's children.

C.   **Challenge to Criminal Prosecution**

Plaintiff sues the Brooklyn Criminal Court and seeks "dismissal of charges." (ECF 1 at 6); (ECF 4 at 2) (asking the court to order that criminal charges against Plaintiff be "dropped"). "'[T]he decision as to whether to prosecute generally rests within the broad discretion of the prosecutor,' and a prosecutor's pretrial charging decision is presumed legitimate." *United States v. Sanders*, 211 F.3d 711, 716 (2d Cir. 2000) (quoting *United States v. White*, 972 F.2d 16, 18 (2d Cir. 1992)); *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) ("[T]he decision to prosecute is solely within the discretion of the prosecutor."). In exercising their discretionary authority to determine whether to bring criminal actions, prosecutors are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). The Court therefore cannot order the district attorney to exercise its discretion to

dismiss the criminal prosecution, and these claims must be dismissed.[4] *See* 28 U.S.C § 1915(e)(2)(B)(ii).

**D.     False Arrest**

Plaintiff alleges that the NYPD "detained" her based on false statements from the director of the Taylor Avenue Homeless Shelter that she was suffering from mental illness, and brought her to a hospital. To address a claim for false arrest under Section 1983, the Court looks first to the elements of a false arrest claim under state law. *See Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). Under New York law, a plaintiff bringing a false arrest claim must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins*, 478 F.3d at 84 ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted)).

Plaintiff has not named any individual officer whom she alleges was personally involved in violating her rights. Instead, Plaintiff brings suit only against the NYPD, which cannot be sued in its own name.[5] Plaintiff thus fails to state a claim for false arrest against any named defendant. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to amend her complaint to name a

---

[4] A petition for a writ of *habeas corpus* is the proper vehicle to raise claims regarding the fact or duration of a conviction. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also McDonough v. Smith*, 139 S. Ct. 2149, 2157 n.6 (2019) (noting that "a petition for a writ of *habeas corpus* . . . is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, . . . including confinement pending trial before any conviction has occurred" (emphasis added)).

[5] The Court declines to substitute the City of New York for the NYPD, because Plaintiff has also not alleged facts showing that her rights were violated pursuant to a policy or custom of the City of New York.

9

defendant who was personally involved in violating her rights and to allege facts consistent with the standards set forth above. If Plaintiff does not know the name of a defendant, she can name the defendant as John Doe or Jane Doe police officer, provide identifying information, and describe what the police officer did or failed to do that violated her rights.

### E.   Civil Confinement

New York has extensive procedures governing involuntary civil commitment. Chapter 9 of New York's Mental Hygiene Law sets forth procedures for civil commitment: N.Y. Mental Hyg. Law. §§ 9.13 (voluntary), 9.27 (involuntary) and 9.39 (emergency). The constitutionality of the procedures has been upheld. *See Project Release v. Provost*, 722 F.2d 960, 971 (2d Cir. 1983).

Plaintiff alleges that she was "illegally admitted" to a hospital based on false statements that she was mentally ill, even though there were "no symptoms supporting the claims." (ECF 1 at 6.) It is unclear against which defendant this claim is asserted, whether Plaintiff was medically evaluated, whether she was involuntarily civilly committed, and how long she was detained. Plaintiff's allegations do not provide a short and plain statement of her claim or put any defendant on notice of what claim she is bringing in connection with her hospital admission. Fed. R. Civ. P. 8(a). These allegations thus fail to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff repleads these claims, and alleges that she was involuntarily civilly committed, she must name a defendant who violated her rights and plead facts about what happened at the hospital and how her constitutional rights were violated.

### F.   Referral to NYLAG

Plaintiff may wish to consider contacting the New York Legal Assistance Group ("NYLAG"), which maintains a free Clinic for Pro Se Litigants in the Southern District of New

10

York that is staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff's complaint gives no indication that the defects can be cured with an amendment. Nevertheless, because Plaintiff proceeds *pro se* and may be able to allege additional facts that would state a valid claim, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims. As noted, however, the courts, the NYPD, DHS, and ACS are not proper defendants and should not be named in the amended complaint. If Plaintiff brings claims against the City of New York in lieu of suing the NYPD, DHS, and ACS, she must plead facts showing that a policy or custom of the City of New York caused a violation of her rights.

If Plaintiff does not file an amended complaint within the time allowed, or seek an extension of time to do so, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: February 14, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge